LEMMON, Judge
(concurring).
I take a slightly different approach to the merits of the case.
The grant of the servitude tó Louisiana Southern’s ancestor stipulated that the servitude shall continue in existence as long as the grantor’s property “shall be used for the business for which it is now used or any other of like nature and no longer . . . ”[1] I believe it is necessary to determine whether the property is so used in order to determine whether the dissolving condition has occurred.
In 1891 the grantor’s property was being used for cattle yards and slaughter houses, including auction sales and slaughtering of cattle, but no meat processing. In 1971 the property was no longer being used for cattle yards and slaughter houses, since those operations had been concentrated in another section of the country. Instead the property was being used for wood-crafts, housewares, lumber yard, glass company, and other uses. There is a meat packing plant on the property, but there are no live cattle and no slaughtering is done.
I do not believe that these limited meat packing operations were within the contemplation of the parties when the dissolving condition was confected. This belief is strengthened by the inclusion in the pertinent provision of a limitation on the use of the servitude exclusively “for operating cattle cars and such other rolling stock as may be required for the purposes of cattle yards and slaughter houses ...”
In my opinion this record supports the conclusion that the dissolving condition has occurred and that the servitude is extinguished.
In this respect I would also reject defendants’ contention that this is an extin-guishment of a part of a servitude, constituting a division of the rights of servitude prohibited by C.C. art. 656.[2] Plaintiffs are not having the servitude divided, but rather are having it extinguished. If the owners of the other parts of the original property *756 desire to permit continued use of the servitude as to their parcels, they may do so. But the happening of the dissolving condition resulted in the extinguishment of the entire servitude and not just of the servitude over that portion of the property owned by the party who declared the dissolving condition.
Furthermore, C.C. art. 656 is an article pertaining to predial servitudes, which are charges laid on an estate for the use and utility of another estate belonging to another owner. C.C. art. 647. The servitude at issue in this case is one in favor of a public railroad and thus is not a pre-dial servitude. Rather, it is a limited personal servitude, to be governed by the rules of predial and personal servitudes, applied by analogy. See 3 Yiannopoulos, Louisiana Civil Law Treatise, Personal Servitudes § 125 (1968). See also VIII La.L.Rev. 553 (1948). There is no dominant estate to which the servitude is due (either to the whole of the estate or to all of its parts). Conversely, the original servient estate in its entirety (and not just in part) has been freed of the servitude.

. The consideration of the grant was “the advantages and conveniences accruing to the shippers of cattle” and “the improvement and increased facilities thus offered to those engaged in the cattle trade on this market”.

. O.O. art. 656 provides :
“The rights of servitudes, considered in themselves, are not susceptible of division, either real or imaginary. It is impossible that an estate should have upon another estate part of a right of way, or of view, or any other right of servitude, and also that an estate be charged with a part of a servitude.
“The use of a right of servitude may be limited to certain days or hours; but thus limited, it is an entire right, and not part of a right.
“From thence it follows that a servitude existing in favor of a piece of land, is due to the whole of it, and to all the parts of it, so that if the land be sold in parts, every purchaser of a part has the right of using the servitude in toto.”